UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE CHIN**

------------------------------------------------------------x

PHILIP DIBELLO ON BEHALF OF HIMSELF :    COMPLAINT AND
AND ALL OTHERS SIMILARLY SITUATED :    DEMAND FOR JURY TRIAL

                 Plaintiff,        :

     -against-                :

291 DIGITAL, LLC             :

                 Defendants.      :

------------------------------------------------------------x



Case No. 07 CV-3330

RECEIVED
APR 26 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by the undersigned attorneys, for his complaint, upon personal knowledge as to his own acts, and upon the investigation made by and through his attorneys, alleges the following. Plaintiff believes that further substantial evidentiary support will exist for the allegations set forth below after a reasonable opportunity for discovery.

## NATURE OF THE CLAIM

1.      Plaintiff seeks declaratory relief and monetary damages for defendant's willful violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA") and the New York State Minimum Wage Order, 12 N.Y.C.R.R. § 142-2.2.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367.

3.      Venue is proper in this district because the defendant violated the statute at issue in this district and the plaintiff worked for defendant in this district.

## PARTIES

4.      Plaintiff Phillip DiBello ("DiBello"), an individual, is a resident of New Jersey.

5.      Defendant 291 Digital LLC. ("Digital") is a limited liability corporation, upon information and belief, headquartered in New York, NY.

6.     Digital is an "employer" subject to the FLSA and New York Minimum Wage Order.

7.     At all relevant times, DiBello was an employee of Digital's as defined by the FLSA and New York Minimum Wage Order.

## FACTS

8.     Defendant hired DiBello in approximately 1994 as a pre-press operator, and paid him as a non-exempt employee under the FLSA.

9.     Effective March 6, 2003, DiBello was given a raise but required to work <u>fifty hours per week before receiving overtime compensation</u>.  Chris Luther communicated the fifty-hour requirement to DiBello, and told him that Mike Laria approved it.

10.     This 50-hour requirement continued until November 2005.

11.     DiBello routinely worked more than forty hours per workweek during this period. Defendant knew or should have known this.

12.     During this period, defendant failed to pay DiBello one and one-half times his regular rate for all hours worked over forty in a workweek; instead paying him overtime only after fifty hours of work.  *See, e.g.,* Exhibit A hereto.

13.     Upon information and belief, other people are similarly situated.  The putative class is all current and former employees of Digital who were required to work fifty hours per week before receiving overtime compensation.

14.     This failure to pay proper overtime was willful.

## FIRST CAUSE OF ACTION

### Violation of the FLSA

15.     Plaintiff realleges the above paragraphs as if fully restated herein.

16.    Defendant's failure to pay proper overtime for all hours worked over forty in a workweek violates the FLSA.

17.    Defendant willfully violated the FLSA.

### SECOND CAUSE OF ACTION

Violation of the New York State Minimum Wage Order

18.    Plaintiff realleges the above paragraphs as if fully restated herein.

19.    Defendant's failure to pay proper overtime for all hours worked over forty in a workweek violates the New York State Minimum Wage Order.

20.    Defendant willfully violated the York State Minimum Wage Order.

*WHEREFORE,* plaintiff demands judgment as follows:

(a)    an order preliminarily and permanently enjoining defendant from engaging in the aforementioned conduct;

(b)    compensatory damages equal to the unpaid wages, including applicable fringe benefits,

(c)    an equal amount in liquidated damages;

(d)    reasonable attorneys' fees and costs;

(e)    pre-judgment interest; and

(f)    such other and further legal and/or equitable relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Dated: April 25, 2007

Respectfully submitted,

Jeffrey D. Pollack (JP-1409)
MINTZ & GOLD LLP

470 Park Ave. So., 10th Fl. - North
New York, NY 10016
(212) 696-4848
(212) 696-1231 (facsimile)

# EXHIBIT A

291 DIGITAL LLC

| Employee | | | | | Route: | 200_0510 |
| Name: PHILLIP J DIBELLO JR | | | | | Check No: | 5286067 |
| Employee | | | | | Check Date: | 10/13/05 |
| Number: 118834 | | | | | Period End: | 10/09/05 |

| Period Earnings | Hours | Rate | Amount | Description | Per Amount | Year to Date Amount |
|---|---|---|---|---|---|---|
| Regular | 50.00 | 30.000 | 1,500.00 | --Gross Pay-- | 1,500.00 | 57,701.20 |
| | | | | Fed Inc Tax | 186.44 | 7,097.76 |
| | | | | Soc Sec | 93.00 | 3,597.98 |
| | | | | Medicare | 21.75 | 841.46 |
| | | | | NYS Inc Tax | 78.81 | 3,014.32 |
| | | | | NYS Disabili | .60 | 25.20 |
| | | | | NYC Inc Tax | | |
| | | | | NJ Dept. of | | |
| | | | | 401K | 75.00 | 2,802.14 |
| | | | | Grnsh/Garage | 36.92 | 1,135.32 |
| * Total Gross | 50.00 | | 1,500.00 | * Deductions | 492.52 | * Net    1,007.48 |
| * Total Txbl | | | 1,425.00 | | | |

| *Messages* |
|---|
| |

200_0510    5286067
**PHILLIP J DIBELLO JR**
**91 Balch Avenue**
**PISCATAWAY NJ 08854**