Jeffery A. Meyer (JM-4468)
Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100
Facsimile: (516) 681-1101
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
PHILIP DIBELLO ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED,

        Plaintiff,

-against-

291 DIGITAL, LLC,

        Defendant.
----------------------------------x

**ANSWER**

Index No. 07 CV 3330

(J.Chin)

    The Defendant, by their counsel, Kaufman Dolowich & Voluck, LLP, as and for their Answer to the Complaint (hereinafter the "Subject Complaint"), set forth the following:

    1.  Denies the allegations set forth in Paragraph 1 of the Subject Complaint.

    2.  Neither admits nor denies the allegations set forth in Paragraph 2 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

    3.  Denies the allegations set forth in Paragraph 3 of the Subject Complaint.

    4.  Lacks knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Subject Complaint.

    5.  Admits the allegations set forth in Paragraph 5 of the Subject Complaint.

6. Neither admits nor denies the allegations set forth in Paragraph 6 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

7. Neither admits nor denies the allegations set forth in Paragraph 7 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

8. Denies the allegations set forth in Paragraph 8 of the Subject Complaint.

9. Denies the allegations set forth in Paragraph 9 of the Subject Complaint.

10. Denies the allegations set forth in Paragraph 10 of the Subject Complaint.

11. Denies the allegations set forth in Paragraph 11 of the Subject Complaint.

12. Denies the allegations set forth in Paragraph 12 of the Subject Complaint.

13. Denies the allegations set forth in Paragraph 13 of the Subject Complaint.

14. Denies the allegations set forth in Paragraph 14 of the Subject Complaint.

### AS AND FOR DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION

15. Defendant, in response to Paragraph 15 of the Subject Complaint, repeat and reallege each and every answer contained in Paragraphs 1 through 14 of this Answer as though fully set forth herein.

16. Denies the allegations set forth in Paragraph 16 of the Subject Complaint.

17. Denies the allegations set forth in Paragraph 17 of the Subject Complaint.

### AS AND FOR DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION

18. Defendant, in response to Paragraph 18 of the Subject Complaint, repeat and reallege each and every answer contained in Paragraphs 1 through 17 of this Answer as though fully set forth herein.

19. Denies the allegations set forth in Paragraph 19 of the Subject Complaint.

20. Denies the allegations set forth in Paragraph 20 of the Subject Complaint.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

21. Payment.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

22. Some or all of the claims made in the Subject Complaint fail to set forth a claim for which relief may be granted.

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff and the putative collective members are not similarly situated and, as such, should not be part of a collective action under the Fair Labor Standards Act ("FLSA").

## AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

25. As Plaintiff is not an adequate representative, a collective action is inappropriate.

## AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

26. The Subject Complaint is barred, in whole or in part, pursuant to, *inter alia*, 29 U.S.C. § 258 (a) and 259 (a), as Defendant has acted in good faith and in reliance upon applicable regulations and interpretations with regard to some or all of the acts or omissions alleged in the Subject Complaint.

## AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

27. The Subject Complaint is barred, in whole or in part, because Plaintiff failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

## AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

28. Supplemental or Pendant jurisdiction should not be exercised over any of the claims alleged in the Subject Complaint.

## AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

29. Similarly, a collective action is inappropriate vis-à-vis the New York State Law claims, as supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Subject Complaint.

## AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

30. New York Wage Orders apply the exemptions of the FLSA, barring, in whole or in part, the prosecution of this action.

## AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

31. Plaintiff and prospective putative collective action members are entitled to a jury trial only as to those issues for which a jury trial is permitted by the FLSA.

## AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

32. If Plaintiff and any putative collective action member sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendant, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of

Plaintiff, putative collective action members, or others, which contributed to and proximately caused any such injury, damage or loss.

### AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

33. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of waiver.

### AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE

34. Plaintiff and the putative collective action members are not entitled to damages, to the extent they failed to mitigate their alleged damages.

Dated: Woodbury, New York
August 9, 2007

Kaufman Dolowich & Voluck, LLP
Attorneys for Defendant

By: _____
Jeffery A. Meyer (JM-4468)
135 Crossways Park Drive
Woodbury, New York 11797
(516) 681-1100

ND: 4812-6058-8033, v. 1